IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Civil Action No. RDB-13-3344 |
| | : | (Related to Criminal Case |
| **Kambreh Jones,** | : | No. RDB-11-0083) |
| | : | |
| **Defendant** | : | |

...oooOooo...

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

Now comes the United States of America, by and through its counsel Rod J. Rosenstein, United States Attorney for the District of Maryland, and Ayn B. Ducao, Assistant United States Attorney for the District of Maryland, and respectfully submits this Opposition to Defendant Kambreh Jones's motion pursuant to 28 U.S.C. § 2255. In his *pro se* motion, the Defendant claims that his trial counsel provided ineffective assistance because, according to the Defendant, trial counsel advised the Defendant that the base offense level would be 36, regardless of whether the Defendant pled guilty to an offense involving one kilogram or ten kilograms. Under *Strickland v. Washington*, 466 U.S. 668 (1984), the Defendant must show that his counsel's representation fell below "an objective standard of reasonableness" *and* that this "deficient performance prejudiced the defendant." *Id.* at 688, 687. Here, the Defendant can show neither deficient performance by his counsel or any prejudice to the Defendant and so the Defendant's motion should be denied.

**FACTUAL AND PROCEDURAL SUMMARY**

**I.     Indictment and Superseding Indictment**

On February 16, 2011, a federal grand jury returned an indictment charging the Defendant with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846.  On June 28, 2011, a superseding indictment was returned against the Defendant which charged him in count one with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and count two with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).  The maximum possible penalty for the conspiracy charge was life and the statutory mandatory minimum term of imprisonment was ten years.  *See* 21 U.S.C. § 841(b)(1)(A).[1]

**II.    Guilty Plea Pursuant to Plea Agreement**

On August 1, 2011, the Defendant pled guilty pursuant to a plea agreement dated July 22, 2011.  *See* Plea Agreement attached as Exhibit A.  Pursuant to the plea agreement, the Defendant pled guilty to count one of the superseding indictment charging him with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846.  *See* Exhibit A at 1.  The plea agreement provided that the maximum penalty was life with a mandatory minimum of imprisonment of term of ten years.  *See id.* at 2.  The plea agreement specified that both the Defendant and the Government agreed that the applicable base offense level is 36 under USSG § 2D1.1(c)(3) to account for at least ten kilograms of heroin but less than thirty kilograms of heroin.  *See* Exhibit A at 3.  The plea agreement also contained a stipulation

---

[1]   21 U.S.C. § 846 provides that the penalty for a heroin distribution conspiracy is the same as the penalty for distribution itself.

1

of facts that had been agreed to by both the Defendant and the Government.  The statement of facts included that the Defendant had arranged for the delivery of four packages of heroin from Yuma, Arizona to the Defendant and that the total weight of heroin contained in these four packages was 1178 grams.  *See id.* at 7.  The stipulation of facts also stated that the Defendant's agent "had been actively picking up about three kilograms of heroin per month for about six months from couriers on the Defendant's behalf." *See id.* at 7.  The Defendant's signature followed the stipulated facts.  *See id.* at 8.  In addition, the plea agreement contained the Defendant's signature as well as the following language above his signature:

> I have read this agreement, including the Sealed Supplement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines stipulation with my attorneys, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

*Id.* at 6.  Finally, the plea agreement provided that this was a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and that the parties agreed that a range of imprisonment between 168 and 210 months was the appropriate disposition.  *See id.* at 4.

During the guilty plea hearing, the Court advised the Defendant that if the Court were inclined to sentence the Defendant to more than 210 months, the Court would permit the Defendant to withdraw his guilty plea.  *See* transcript of August 1, 2011 hearing attached as Exhibit B.  The Court thoroughly went through whether the Defendant was satisfied with his trial counsel.  *See* Exhibit B at 10-12.  The Defendant stated that he was fully satisfied with trial counsel's representation, that trial counsel thoroughly explained the charges to him, and the Defendant was satisfied with the answers trial counsel gave to Defendant's questions.  *See id.* at 11.  The Defendant also advised that no promises or assurances had been made to him other than what was set forth in the plea agreement letter and no one had forced or threatened him in order

2

to get him to plead guilty. *See id.* at 13-14.

The Court went over with the Defendant that the maximum possible penalty was life imprisonment as well as the mandatory minimum term of imprisonment of ten years. *See id.* at 16. The Court also went over with the Defendant that the parties had agreed to a range of 168 to 210 months under Federal Rule of Criminal Procedure 11(c)(1)(C). *See id.* at 19. Government counsel read the stipulated facts into the record and the Defendant indicated that it was an accurate summary of the facts. *See id.* at 26-28.

### III. Defendant files p*ro se* correspondence and Motion to Withdraw Guilty Plea prior to Sentencing

On September 12, 2011, the Defendant filed a *pro se* letter in which the Defendant stated that he did not sell eighteen kilograms worth of heroin. The Defendant also stated, "under no circumstances am I sayin [sic] that I'm innocent. I did sell some heroin." *See* September 12, 2011 letter attached as Exhibit C at 3. On September 20, 2011, the Government filed a letter stating that, in light of the Defendant's September 12, 2011 letter, the Defendant should not receive the "third" acceptance point under USSG § 3E1.1. On October 4, 2011, the Defendant filed a *pro se* letter in response to the Government's September 20, 2011 letter in which the Defendant stated, "Nowhere in my letter did I ever proclaim innocence." *See* October 4, 2011 letter attached as Exhibit D at 1. On October 17, 2011, the Defendant filed a *pro se* motion to remove counsel. On October 18, 2011, the Defendant's trial counsel filed a motion to withdraw guilty plea.

### IV. Sentencing

A sentencing hearing was held on October 27, 2011. During the hearing, trial counsel stated:

"And I will, in all candor to the court, let Your Honor know that from the very beginning of the representation Mr. Jones has always maintained that he had an

3

> issue with the amount of heroin that was involved, and my advice to him on that point was that while we could go to trial and try to litigate just that issue in order to perhaps get a savings under chapter two of the [sentencing] guidelines, we would lose any acceptance under chapter three.

*See* transcript of October 27, 2011 sentencing hearing attached as Exhibit E at 5-6. The Court, after going through the factors it must consider on a motion to withdraw guilty plea, denied the Defendant's motion to withdraw guilty plea. *See id.* at 8. The Court also denied the Defendant's motion to remove counsel and stated, "I don't find there's an ineffective assistance of counsel." *See id.* at 16.

The Court found that base offense level based on quantity was 36 but noted that it would consider certain variance factors under 18 U.S.C. § 3553. *See* Exhibit E at 37. The Court also noted that the "government makes a perfectly valid argument that in agreeing to this range they bargained away the fact that you had some kind of leadership role in this offense." *Id.* at 36. The Court also rejected the Government's argument that the Defendant should not receive a "third" acceptance point by noting that the Defendant has acknowledged his guilt. *Id.* at 39. The Court noted that the Defendant had a prior federal conviction for possession with intent to distribute crack cocaine for which he ultimately served nine years. *Id.* at 41, 51. The Court sentenced the Defendant to a term of imprisonment of 180 months. *Id.* at 56. The Defendant was also convicted for violation of supervised release in his prior federal case (Criminal No. MJG-98-0359) and sentenced to a term of 37 months, to served concurrently with his 180-month sentence. *Id.* at 59-60. The Court noted to the Defendant, "I will tell you that if you had gone to trial, from what the evidence is in this case, you would have faced very likely a far greater range than this, Mr. Jones." *Id.* at 55.

4

V.   **Appeal**

On October 31, 2011, the Defendant filed a notice of appeal of his conviction. Via a *per curiam* unpublished decision, the Fourth Circuit affirmed the Defendant's conviction and granted the Government's motion to dismiss the Defendant's appeal of his sentence. *See United States v. Jones*, 474 Fed. Appx. 927, 2012 WL 3291715 (4th Cir. August 14, 2012) attached as Exhibit F.

## ARGUMENT

I.   **The Defendant's claims as to what his trial counsel advised him are belied by representations made by trial counsel during sentencing and, therefore, the Defendant cannot show that his trial counsel was ineffective**

Under *Strickland*, a defendant must show that his counsel's representation fell below "an objective standard of reasonableness" and that this "deficient performance prejudiced the defendant." *Strickland*, 466 U.S. at 688, 687. A defendant bears the burden of proving prejudice. *Fields v. Attorney General of the State of Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. The Fourth Circuit has also noted "the interest of the criminal justice system in the finality of convictions" and that a "allowing a person to abrogate his guilty plea on collateral attack represents a rare exception to that rule of finality." *United States v. Fugit*, 703 F.3d 248, 252, 253 (4th Cir. 2012).

The gravamen of the Defendant's claim is that his trial counsel advised him that the base offense level would be 36, regardless of whether the quantity of heroin involved was one kilogram or ten kilograms. The Defendant further claims that the base offense level should have been 32 for one level of kilogram and that his ultimate guideline range should have been 108 to

5

135 months.[2]  However, during the October 27, 2011 sentencing hearing, trial counsel specifically stated that he advised the Defendant that the Defendant could go to trial to litigate the quantity issue but that, if the Defendant did go to trial, he would not get the benefit of acceptance points under chapter three of the sentencing guidelines.  *See* Exhibit E at 5-6.  Therefore, the Defendant's claim that his trial counsel told him that the base offense level was the same, regardless of whether the quantity involved was one kilogram or ten kilograms of heroin, is specifically countered by trial counsel's representation at sentencing.  Moreover, the fact that the base offense level was 36 and was agreed to by *both* the Defendant and the Government was set forth in the plea agreement.  *See* Exhibit A at 3.  During the guilty plea hearing, the Court also went over the fact that the agreed upon base offense level between the parties was 33 after acceptance.  *See* Exhibit B at 19.

    **II.**    **The Defendant cannot show that he suffered any prejudice as a result of counsel's alleged ineffective assistance as the Defendant was sentenced within the agreed upon range and the Defendant avoided a much longer potential sentence.**

In *United States v. Foster*, 68 F.3d 86 (4th Cir. 1995), the defendant claimed that he was prejudiced by his counsel's ineffective assistance since his counsel erroneously advised the defendant that he would not be sentenced as a career offender.  68 F.3d at 87.  The Fourth Circuit found that the defendant had not demonstrated prejudice because "any misinformation Foster may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus Foster was not prejudiced." *Id.* at 88.  In reaching this conclusion the *Foster* court cited *United States v. Lambey*, 974 F.2d 1389 (4th Cir. 1992) in which the Fourth Circuit, sitting *en*

---

2    While the Defendant claims that his guideline range should have been 108 to 135 months, the Defendant ignores that he was facing a ten-year mandatory minimum term of imprisonment so the least the Defendant could have been sentenced to was 120 months.

*banc*, stated that "if the information given by the court at the rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *Foster,* 68 F.3d at 88 (quoting *Lambey*, 974 F.2d at 1395).

In addition, the defendant in *Foster* was sentenced well below the statutory maximum and below the maximum sentence that the defendant was advised he could receive during the Rule 11 colloquy. *Foster*, 68 F.3d at 88. In *Lambey*, the defendant had been advised by his counsel that his likely sentencing range was 78 to 108 months but was eventually sentenced to a total term of 360 months. *Lambey*, 974 F.2d at 1392. The Fourth Circuit in *Lambey* nevertheless found that the defendant had not stated a basis for withdrawal of his plea because the defendant had been advised by the trial court that any predictions regarding sentencing were not binding on the trial court and he could receive a sentence up to life imprisonment. *Id.* at 1395.

In the instant matter, the Court went over with the Defendant that the maximum possible penalty was life imprisonment as well as the mandatory minimum term of imprisonment of ten years. *See* Exhibit B at 16. The Defendant was also advised by the Court that the Court would have to determine the Defendant's guideline range and that it would not be able to do so until after a presentence investigation report had been completed. *See id.* at 17-20. The Court further advised the Defendant that if the Court did not sentence the Defendant within the agreed upon range of 168 to 210 months, the Defendant would be allowed to withdraw his guilty plea. *See id.* at 20. In fact, the presentence report ultimately found that the Defendant's guideline range was 168 to 210 months – *the exact range agreed upon by the parties.* Therefore, since the Court properly advised the Defendant of the Court would determine the guideline range, the guideline

7

range turned out to be the exact range agreed to by the parties, and the Defendant was sentenced within the agreed upon range, like *Foster* and *Lambey*, the Defendant cannot demonstrate that he suffered any prejudice. Moreover, like *Foster*, the Defendant was sentenced well below the statutory maximum of life.

Defendant cites in support of his motion *United States v. Hammond*, 528 F.2d 15 (4th Cir. 1975) in which the Fourth Circuit found that defendant's guilty plea was involuntary where he was advised he was facing a maximum ninety or ninety-five year sentence when in fact he was facing a fifty-five year maximum sentence. *Hammond*, 528 F.2d at 17-18. However, as the Fourth Circuit has pointed out, the inaccurate advice given by counsel in *Hammond* was not corrected by the trial court whereas in *Lambey*, the trial court correctly advised the defendant and cured any effect of the erroneous advice given by trial counsel. *See United States v. Weymouth*, 256 Fed. Appx. 645, 649 (4th Cir. 2007) (unpublished).[3] In the instant case, as discussed above, the Court advised the Defendant (1) that the maximum possible penalty was life imprisonment as well as the mandatory minimum term of imprisonment of ten years; (2) the Court would have to determine the guideline range; (3) the agreed upon base offense level between the parties was 33 after acceptance; and (4) if the Court did not sentence the Defendant within the agreed upon range of 168 to 210 months, the Defendant would be allowed to withdraw his guilty plea. *See* Exhibit B at 16-20. Thus, any allegedly erroneous advice given by defense counsel was cured by this Court's colloquy with the Defendant.

In *Fugit*, the Fourth Circuit further explained the defendant's burden in demonstrating prejudice: "[t]he challenger's subjective preferences, therefore, are not dispositive; what matters

---

3   In *United States v. Lewis*, 477 Fed. Appx. 79 (4th Cir. 2012) (unpublished) – another case relied upon by the Defendant – the trial court also failed to cure any erroneous advice given by trial counsel. *See Lewis*, 477 Fed. Appx. at 83 n. 4.

is whether proceeding to trial would have been objectively reasonable in light of all of the facts." 703 F.3d at 260. In *Fugit*, the Fourth Circuit found that the defendant fell short of this standard because the evidence was overwhelming and the defendant "was lucky to receive the deal that he did." *Id.*

As in *Fugit*, the Defendant benefitted from a plea agreement negotiated by his defense counsel. Through that plea agreement, the Defendant received three levels off for acceptance and did not receive any upward adjustments, such as for role in the offense. Most significantly, the Defendant had the benefit of knowing that his sentence would be within a set range despite the potential statutory maximum being life. In addition, given the evidence that the Government would have presented at trial, which would have included wiretap intercepts as well as testimony from cooperating witnesses, as this Court noted, the Defendant would have faced a far greater guideline range after trial. By pleading guilty pursuant to a plea agreement negotiated by his counsel, the Defendant also avoided a twenty-year mandatory minimum sentence which the Defendant would have been subject to had the Government filed a notice under 21 U.S.C. § 851 to seek enhanced penalties based on the Defendant's prior federal drug trafficking conviction. Therefore, it certainly would not have been rational for the Defendant to proceed to trial.

It is also worth noting that, despite the Defendant's current claim that he would have proceeded to trial if he had been advised differently by this trial counsel, in the Defendant's *pro se* filings prior to sentencing, the Defendant never maintained his innocence of the underlying drug trafficking crime. *See* Exhibits C and D. On the contrary, the Defendant admitted his guilt to the underlying crime. This Court ultimately awarded the Defendant three acceptance points because it found that the Defendant was not disclaiming responsibility for the underlying crime, just disputing the drug quantity. Given that the Defendant never maintained his innocence of the

9

underlying drug trafficking crime, it is highly likely that this case would have resolved short of trial and highly unlikely that the Defendant would have in fact proceeded to trial.

## CONCLUSION

For the foregoing reasons, the Defendant's motion pursuant to 28 U.S.C. § 2255 should be denied.

                                              Respectfully submitted,
                                              Rod J. Rosenstein
                                              United States Attorney

By:_____/s/_____
                                              Ayn B. Ducao
                                              Assistant United States Attorney
                                              36 South Charles Street
                                              Fourth Floor
                                              Baltimore, MD 21201
                                              (410) 209-4800

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of January, 2014, a copy of the foregoing Opposition to Defendant's motion pursuant to 28 U.S.C. § 2255 was electronically filed with notice to:

William L. Welch, III, Esquire
111 South Calvert Street, Suite 2700
Baltimore, MD 21202
*Counsel for defendant*

and was mailed postage prepaid to defendant to:

Kambreh Jones
# 33333-037
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, New York 12977


                                                 ____/s/_____
                                                 Ayn B. Ducao
                                                 Assistant United States Attorney